UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

CHARLENE GORRELL
HOWARD GORRELL                                                           PLAINTIFFS

v.                                              CIVIL ACTION NO. 5:18-cv-00015-CRS

KROGER LIMITED PARTNERSHIP I                                              DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on the motion of the Plaintiffs, Charlene Gorrell ("Mrs. Gorrell") and Howard Gorrell ("Mr. Gorrell") (collectively, "the Gorrells"), to remand the action to Christian Circuit Court in Christian County, Kentucky pursuant to 28 U.S.C. § 1447. (DN 5.) For the reasons stated herein, the court will **GRANT** the Plaintiffs' motion to remand.

### I.    BACKGROUND

On July 21, 2017, while shopping at a grocery store owned and/or operated by Kroger Limited Partnership I ("Kroger") in Christian County, Kentucky, Mrs. Gorrell allegedly slipped and fell in some sort of liquid or "slime" on the floor in the poultry aisle. (DN 5-5, 8.) EMS was called to the scene and transported Mrs. Gorrell to a nearby emergency room, as recorded by Kroger managers in an "Incident Report." (DN 5-2, 3 – 4.)

The Gorrells filed a Complaint in Christian Circuit Court on September 13, 2017. (DN 1-1.) The Complaint alleges that, as a result of her fall, Mrs. Gorrell sustained permanent injury, past and future pain and suffering, and permanent scarring and disfigurement. (*Id.*) It also alleges damages from past and future medical expenses and impairment of her power to labor

and earn money. (*Id.*) Additionally, the Complaint states that Mr. Howard is entitled to damages for loss of consortium as the direct and proximate cause of the fall. (*Id.*)

This action remained in Christian Circuit Court until January 19, 2018 when the Defendant filed a notice of removal based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446. (DN 1.) Before the court is the Gorrells' motion to remand under the premise that the Defendant did not timely remove the action to this court.

## II. STANDARD

District courts have original "diversity" jurisdiction of an action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [ ] citizens of different States." 28 U.S.C.A. § 1332(a). When a civil action is "brought in a State Court of which the district courts of the United States have original jurisdiction, [it] may be removed by the defendant… to the district court of the United States for the district and division embracing the place where such action is pending." *Id*. at § 1441(a). The removing defendant bears the burden of proving that removal was proper. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Further, "[t]he district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party" and "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. The Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999).

## III. DISCUSSION

There is no dispute that the parties in this action are diverse or that the amount in controversy exceeds the jurisdictional threshold. The only issue before the court is whether removal was timely.

Under 28 U.S.C. § ("Section") 1446(b)(1), "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." If the initial pleading does not provide a basis for removal, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." *Id*. at § 1446(b)(3).

Under Kentucky law, plaintiffs may not state a specific amount of damages in the complaint. [1] Ky. R. Civ. P. 8.01(2) ("In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages."). Therefore, it may not immediately be apparent to a defendant whether the case is removable. In such an instance, "the defendant must prove that it is more likely than not that the plaintiff's claims meet the federal amount in controversy requirement." *Vaughan v. Dillards, Inc.*, 2008 WL 4820772 T *5 (W.D. Ky. Oct. 31, 2008) (citing *Gafford v. General Elec. Co.*, 997 F. 2d 150, 158 (6th Cir. 1993)).

The parties dispute at which point it first became ascertainable to the Defendant that the Plaintiffs had met the jurisdictional threshold necessary for removal. The Plaintiffs contend that the Complaint provided adequate notice that the amount in controversy exceeds $75,000. The Defendant, on the other hand, argues that it did not have adequate evidence of the amount in controversy until it received the Plaintiffs' answers to the Defendant's interrogatories.

---

[1] This court, consistent with other courts, recognizes the "quandary" such a state rule can create for defense counsel. The uncertainty forces counsel either to remove and "run [ ] some risk of allowing the plaintiff to assert an amount less" than the jurisdictional requirement to remain in state court, or to wait more than thirty days and risk waiving the right to remove after the expiration of thirty days. *McCraw v. Lyons*, 863 F. Supp. 430, 433 (W.D. Ky. 1994). Nevertheless, "the letter of 28 U.S.C. § 1446(b) and [ ] its policy rationale" support the strict application of the time limitation. *Id*.

Even if the Defendant did not have an ascertainable basis for removal until it received Plaintiffs' interrogatory answers, the Defendant did not timely remove the case. Kroger admits that the interrogatory answers provided a basis for removal[2] and that it received the interrogatory responses by email on December 18, 2017.[3] Pursuant to Section 1446(b)(3), the Defendant was required to file a notice of removal by January 17, 2018, thirty days after the receipt of the interrogatory responses. Yet, Kroger did not file its notice of removal until January 19, 2018. (DN 1.)

Kroger's only argument is that, because the interrogatory responses were also sent by mail, the Defendant should be awarded an additional three days to remove the case pursuant to Fed. R. Civ. P 6(d), which extends deadlines by three days when service is effectuated by mail. However, such an argument is inconsistent with the language of Section 1446(b)(3). Section 1446(b)(3) requires that a notice of removal be filed within thirty days "after receipt by the defendant, *through service or otherwise*" of a copy of the paper which provides the basis for removal. (emphasis supplied.) There is no question that the Plaintiffs sent the interrogatory answers by email attachment on December 18. Kroger does not argue that they did not receive this electronic communication on December 18. As such, Kroger had reason to ascertain that the case was removable on December 18 and thus was required to file its notice of removal by January 17.

The time limitation under Section 1446(b)(3) is to be strictly applied. *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994) ("a defendant's failure to comply with the statute's

---

[2] "Kroger received the first solid and unambiguous notification that the amount in controversy could exceed $75,000.00 when it received Plaintiffs' Responses to Interrogatories." (DN 7, 5.)
[3] "An email was sent to the undersigned from Plaintiffs' counsel on December 18, 2017 attaching Responses to Interrogatories." (DN 7, 2.)

thirty-day limitation is an absolute bar to removal regardless of whether the removal would have been proper if timely filed."). The case will be remanded to Christian Circuit Court.

## IV. CONCLUSION

For the reasons stated, this action will be remanded to Christian Circuit Court. An order will be entered in accordance with this opinion.

July 5, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**